**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4686

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH S. LUONGO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-02-7)

Submitted: December 3, 2003          Decided: July 26, 2004

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig L. Parshall, LAW OFFICE OF CRAIG L. PARSHALL, Fredericksburg, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kevin V. DiGregory, Assistant United States Attorney, Amanda Goldman, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Joseph S. Luongo pleaded guilty to making a false statement before a grand jury, in violation of 18 U.S.C. § 1623 (2000). In May 2002, the district court sentenced Luongo to two months of imprisonment, to be followed by a three-year term of supervised release. We especially note that special condition 6 of the conditions of supervision for supervised release states that "the defendant shall make an effort to settle all law judgments against him in any court within the United States."

In March 2003, the Government filed a motion seeking to modify this term of Luongo's supervised release. Specifically, the Government sought to compel Luongo to begin making payments on a default judgment entered against him in 2001. After a hearing, the district court granted the Government's motion and ordered Luongo to submit to a deposition to determine his assets and then to begin making payments toward the judgment. Luongo timely appeals this order.

District courts have wide latitude in imposing special conditions on supervised release. United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003). A district court may impose any condition it considers appropriate as long as it is "reasonably related" to the factors referred to in 18 U.S.C. § 3583(d)(1) (2000). Id. These factors are: "the nature and circumstances of

the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1) (2000); the need for the condition to deter criminal conduct, see 18 U.S.C. § 3553(a)(2)(B) (2000); the need to protect the public from any further criminal behavior by the defendant, see 18 U.S.C. § 3553(a)(2)(C) (2000); and the need to provide the defendant with training or medical care, 18 U.S.C. § 3553(a)(2)(D) (2000). Id. Additionally, special conditions must be consistent with the Sentencing Commission's policy statements and may not involve a greater deprivation of liberty than is necessary to achieve the specified goals. Id. A district court's imposition of special conditions of supervised release is reviewed for an abuse of discretion. Dotson, 324 F.3d at 259.

Luongo contends that the district court abused its discretion by requiring him to submit to a deposition to determine his assets and to begin making payments on the civil default judgment. The district court found that Luongo's offense of conviction—-lying to the grand jury—-and his failure to satisfy the outstanding default judgment against him demonstrate a lack of respect for the legal system. Therefore, the district court found the modification appropriately related to the factors referred to in 18 U.S.C. § 3583(d). Based on our review of the record, we cannot say that the district court abused its discretion in so finding.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED